# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALYANT AI, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1698-MN ) |
| KEA CLOUD, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) ) |

## FIRST AMENDED COMPLAINT

Plaintiff Valyant AI, Inc. ("Valyant") for its Complaint and demand for a jury trial seeking relief for patent infringement against Kea Cloud, Inc. ("Kea" or "Defendant"), states and alleges as follows:

## PARTIES

1. Valyant is a Colorado corporation having its principal place of business at 3000 Lawrence Street, #203, Denver, Colorado, 80205.

2. On information and belief, Kea Cloud, Inc. is a Delaware corporation with its principal place of business at 101 Avellino Way, Mountain View, California 94043.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 171 and 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

{01770076;v1 }

4. Defendant is subject to this Court's general and specific personal jurisdiction at least because: (1) Defendant is at home in the State of Delaware where it is incorporated; (2) Defendant has a registered agent for service of process in Delaware, regularly conducts business in the State of Delaware and within this judicial district, and has substantial and continuous contacts within this judicial district; (3) Defendant has purposefully availed itself of the privileges of conducting business in this judicial district and has a regular and established place of business in this judicial district; and (4) Defendant has committed acts of patent infringement in this judicial district by selling and offering to sell products and services throughout the United States, including in this judicial district, and introducing infringing products into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States

5. Venue is proper in this district under 28 U.S.C. §§1391(b)(2) and (c)(2), and 1400(b).

## VALYANT'S INTELLECTUAL PROPERTY

6. Valyant is a startup company based in Colorado with award-winning, cutting-edge artificial intelligence speech recognition technology providing technical solutions for the quick service restaurant ("QSR") industry.

7. Valyant provides solutions to clients in the QSR industry to automate operation of customer ordering by capturing order data with highly accurate speech recognition technology which learns via artificial intelligence to recognize a wide vocabulary of words spoken by a customer when placing an order.

8. Valyant's conversational artificial intelligence ("AI") order processing system is used in a variety of contexts in the QSR industry, including at drive thru's, processing mobile or call-ahead ordering, at ordering kiosks, or within restaurants themselves.

9. Valyant was the first company to use a conversational AI ordering system in the QSR industry. Since at least as early as 2019 its technology has been used at QSR restaurants in the United States to increase speed and accuracy of order taking while allowing employees to focus on other critical tasks.

10. As part of its innovative intellectual property portfolio, Valyant is the sole and exclusive owner of all rights, title, and interest in United States Patent No. 10,592,706 ("the '706 Patent") which relates to a speech-based/natural language customer order process system.

11. The '706 Patent was duly and legally issued on March 17, 2020 and is entitled Artificially Intelligent Order Processing System. A true and correct copy of the '706 Patent is attached as **Exhibit A**.

12. As described further herein, Claim 1 of the '706 Patent is a method comprising the steps of:

> providing an audio stream of an order of a customer positioned on a site;
>
> providing an order processor having a speech recognition module trained using artificial intelligence programs;
>
> converting a word or words in the audio stream to text using the speech recognition module;
>
> processing the text communication with the speech recognition module to identify a word or words in the text of the converted audio stream according to a previous spoken word training;

- providing a natural language processor having order assembly capabilities and exception detection capabilities, wherein the natural language processor receives recognized text from the order processor and creates or modifies an order based upon the recognized text;

- generating an order with the natural language processor;

- alerting an auditor of detected exceptions in the order, the auditor located off-site and connected to the order processor via a data connection;

- deactivating the order processor with the auditor in response to the detected exceptions in the order; and

- prompting an on-site employee to engage the customer and complete the order.

## DEFENDANT KEA AND ITS INFRINGING ACTS

13. Defendant advertises itself as a software development company with a focus on developing conversational artificial intelligence that automates order taking within the food service and QSR industry. Defendant markets its technology for taking orders from restaurant customers over the phone.

14. Defendant's marketing content includes a website, https://kea.ai/, that asserts Kea's conversational AI technology, called "Kea Voice," "operates using natural language processing and machine learning" to make "voice orders start coming in digitally."

15. Defendant also claims that its Kea Voice "gets smarter the more it is used" and incorporates artificial intelligence that "learns to understand accents and special requests better."

# kea Voice

- Operates using Natural Language Processing and Machine Learning.

- Gets smarter the more it is used.

- Intelligently identifies up-sell opportunities based on previous order history and commonly ordered items.

16.    Kea's website includes a demonstration video, at https://kea.ai/how-it-works/, that purports to show the function and features of its Kea Voice that may be used by the food service industry.

17.    Defendant's demonstration video posted to its website shows an audio stream of a customer giving an order and the Kea Voice software receiving the customer's order via the audio stream.

18.    Defendant's website asserts Kea Voice "operates using natural language processing and machine learning." The Defendant's website shows customer orders that have been "digitally" converted from audio spoken by the customer to a text order with its conversational AI software which on information and belief is because Kea Voice processes the orders and has a speech recognition module.

19.    Defendant's website shows an order summary on its homepage that includes the words pineapple and jalapeno, which were words used by the customer in the Kea Voice demo video during the customer's order. The Defendant's website describes its system operating using "natural language processing."

20. Defendant also publicly advertises on its website that its software uses "AI" or artificial intelligence. It claims Kea Voice "operates using natural language processing and machine learning." The Defendant's website further states its system "intelligently identifies up-sell opportunities based on previous order history and commonly ordered items," "the AI learns to understand accents and special requests better," and that Kea Voice "gets smarter the more it is used."

21. The Defendant's website shows customer orders that have been "digitally" created with its technology. The Defendant's website further states its system "intelligently identifies up-sell opportunities based on previous order history and commonly ordered items" and "the AI learns to understand accents and special requests better." The Defendant's website also depicts an exchange with a customer who wants a change to their order (i.e., order modification or exception) on a burger and shows an exemplary digital order that shows the modified request.

22. On information and belief, Kea Voice uses a natural language processor configured to drive order assembly by creating digital textual orders, as seen in the Kea Voice demo video, from the customers' spoken orders.

23. The Defendant's website says "highly trained agents are always ready to intervene when the AI lacks ability to understand the customer" and "with close monitoring and real time human coaching, the AI learns to understand accents and special requests better." On information and belief, Kea Voice uses a natural language processor also configured to drive exception detection by call center backups.

24. The Defendant's website says "highly trained agents are always ready to intervene when the AI lacks ability to understand the customer" and "with close monitoring and real time human coaching, the AI learns to understand accents and special requests better." Kea Voice therefore includes an outside agent, or auditor, who is ready to detect errors, also known as exceptions, in the order and intervene.

25. The demo video from the Defendant's website depicts a scenario where a customer calls a Five Guy's burger restaurant that uses Defendant's Kea Voice. The automated response from the system tells the customer that the order will be made and ready within "6 minutes." It is inherent that the system prompts an on-site Five Guy's employee to prepare the order for the customer (i.e. engaging the customer and completing the order). Through the demo video and the advertisement on the website, it is also inherent that a data connection exists between the customer, the restaurant, and the "highly trained" Kea agents who can intervene with the customer.

26. Further, Defendant's website claims that Kea Voice "integrate[s] with your existing POS or Online Ordering Provider." Thus, on information and belief, Kea Voice receives verbal orders, creates digital orders, and provides the digital orders to screens/monitors, which prompts the on-site employees to fulfill the order, take payment from the customer and provide the order to the customer to complete the order.

27. As shown on Defendant's website, Defendant has been making, using, or offering for sale Kea Voice "at 250 restaurants operated by seven brands,"

including Five Guys Restaurants and Domino's franchises, and it claims "1,000,000+ guests served with kea."

## DEFENDANT'S ACTUAL KNOWLEDGE OF THE '706 PATENT

28. Valyant sent correspondence addressed to the Chief Executive Officer of Kea, a Mr. Adam Ahmad, on June 15, 2021, alerting Kea of the existence of the '706 Patent, asserting Kea's conversational AI technology infringed claims of the '706 Patent, and requesting Kea cease-and-desist its infringement. Kea never responded.

29. Valyant sent further correspondence to Kea on July 21, 2021 again asserting Kea's conversational AI technology infringed claims of the '706 Patent. Kea again did not respond.

30. Valyant sent a letter via certified mail on September 24, 2021 to Kea's registered agent, The Corporation Trust Company, who acknowledged receipt on October 1, 2021. Again, Kea did not respond.

31. On information and belief, as early as June 15, 2021, and no later than October 1, 2021, Kea had actual knowledge of the '706 Patent.

## FIRST CLAIM FOR RELIEF

## (Direct Infringement of the '706 Patent)

32. Valyant realleges paragraphs 1-31 above as if fully set forth herein.

33. The '706 Patent is a valid, enforceable patent that was duly issued by the USPTO on March 17, 2020. **Exhibit A**.

34. Valyant is the assignee of the '706 Patent, with ownership of all substantial rights in the '706 Patent, including the right to exclude others and to

enforce, sue, and recover damages for past and future infringements. Defendant has directly infringed, and continues to directly infringe, at least Claim 1 of the '706 Patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Kea Voice conversational AI technology.

    35.    Claim 1 of the '706 Patent is a method comprising the steps of:

> providing an audio stream of an order of a customer positioned on a site;
>
> providing an order processor having a speech recognition module trained using artificial intelligence programs;
>
> converting a word or words in the audio stream to text using the speech recognition module;
>
> processing the text communication with the speech recognition module to identify a word or words in the text of the converted audio stream according to a previous spoken word training;
>
> providing a natural language processor having order assembly capabilities and exception detection capabilities, wherein the natural language processor receives recognized text from the order processor and creates or modifies an order based upon the recognized text;
>
> generating an order with the natural language processor;
>
> alerting an auditor of detected exceptions in the order, the auditor located off-site and connected to the order processor via a data connection;
>
> deactivating the order processor with the auditor in response to the detected exceptions in the order; and
>
> prompting an on-site employee to engage the customer and complete the order.

    36.    The Kea Voice conversational AI technology meets each of the above limitations.

37. A more detailed analysis of Defendant's infringement of the '706 Patent can be found in **Exhibit B**, which is incorporated in its entirety as if set forth herein.

38. Defendant's infringement of the '706 Patent has been, and continues to be, willful, knowing, and intentional.

39. Valyant has suffered economic harm because of Defendant's infringing activities in an amount to be proven at trial, but in no case less than a reasonable royalty.

40. Defendant has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no adequate remedy at law. Unless enjoined by this Court, Defendant will continue to infringe the '706 Patent.

## SECOND CLAIM FOR RELIEF

### (Induced Infringement of the '706 Patent)

41. Valyant realleges paragraphs 1-40 above as if fully set forth herein.

42. Defendant also knowingly and intentionally induces others to infringe at least Claim 1 of the '706 Patent in violation of 35 U.S.C. § 271(b) by instructing others to make, use, sell, offer to sell, and/or import into the United States the Kea Voice conversational AI technology.

43. As described above, Defendant has been aware of the '706 Patent since at least June 15, 2021 and has been aware of the infringing nature of the Kea Voice conversational AI technology.

44. Despite knowledge of the '706 Patent, Defendant continues to actively encourage and instruct its customers (for example, through product information and instruction materials) to implement and use the Kea Voice conversational AI technology in ways that directly infringe the '706 Patent. As described above, the Kea Voice conversational AI technology is software suite that uses AI to automate the customer ordering process in restaurants. Defendant instructs its customers regarding when and how to implement the steps needed to implement its conversational AI software in their businesses. Thus, Defendant provides instructions to customers for using its conversational AI technology, including Kea Voice, in this infringing manner. Defendant does so knowing and intending that its customers will commit these infringing acts.

45. Defendant also continue to make, use, sell, offer for sale, and/or import into the United States the Kea Voice conversational AI technology despite its knowledge of the '706 Patent, thereby specifically intending for and inducing its customers to infringe the '706 Patent through its customers' normal and customary use of the Kea Voice conversational AI technology.

46. Valyant has suffered economic harm because of Defendant's induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

47. Defendant has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no

adequate remedy at law.  Unless enjoined by this Court, Defendant will continue to infringe the '706 Patent.

## THIRD CLAIM FOR RELIEF

### (Contributory Infringement of the '706 Patent)

48.   Valyant realleges paragraphs 1-47 above as if fully set forth herein

49.   Defendant has also knowingly and willfully contributed, and continues to contribute, to its customers' direct infringement of the '706 Patent in violation of 35 U.S.C. § 271(c) by offering for sale and providing the Kea Voice conversational AI technology.

50.   As described above, Defendant has been aware of the '706 Patent since at least June 15, 2021 and has been aware of the infringing nature of the Kea Voice conversational AI technology.

51.   As described above, the Kea Voice conversational AI technology is a software suite that uses AI to automate the customer ordering process in restaurants. The components of the Kea Voice conversational AI technology are not staple articles of commerce and are not suitable for any substantially non-infringing use. Use and implementation of Kea Voice conversational AI technology by Defendant and its customers infringes at least Claim 1 of the '706 Patent.

52.   Valyant has suffered economic harm because of Defendant's induced infringement in an amount to be proven at trial, but in no case less than a reasonable royalty.

53.   Defendant has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Valyant for which there is no

adequate remedy at law. Unless enjoined by this Court, Defendant will continue to infringe the '706 Patent.

## JURY DEMAND

54. Valyant demands a jury trial as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Valyant requests entry of judgment in its favor and against Defendant as follows:

a) Entry of judgment holding Defendant liable for infringement of the '706 Patent;

b) An order permanently enjoining Defendant, its officers, agents, servants, employees, attorneys and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of infringement of the '706 Patent;

c) An order awarding Valyant statutory damages and damages according to proof resulting from Defendant's past, current, and future infringement of the '706 Patent, together with prejudgment and post-judgment interest;

d) A declaration that Defendant's infringement of the '706 Patent is willful;

e) A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Valyant's reasonable attorneys' fees; and

f) Any and all other legal or equitable relief as may be available under law and which the Court may deem proper.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
| Richard D. Rochford | Andrew C. Mayo (#5207) |
| Haynes and Boone, LLP | 500 Delaware Avenue, 8th Floor |
| 30 Rockefeller Plaza, 26th Floor | P.O. Box 1150 |
| New York, NY 10112 | Wilmington, DE 19899 |
| (212) 659-7300 | (302) 654-1888 |
|  | amayo@ashbygeddes.com |
| Stephanie N. Sivinski |  |
| Haynes and Boone, LLP | *Attorney for Plaintiff* |
| 2323 Victory Avenue, Suite 700 |  |
| Dallas, TX 75219-7672 |  |
| (214) 651-5000 |  |
|  |  |
| Alexander B. Lutzky |  |
| Haynes and Boone, LLP |  |
| 112 E. Pecan St., Suite 1200 |  |
| San Antonio, TX 78205 |  |
| (210) 978-7000 |  |

Dated: February 9, 2022